UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CRISTOBAL RIOS-CONTRERAS,

Defendant.

NO: CR-10-2094-RMP

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

Before the Court is Defendant Cristobal Rios-Contreras' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 59. The Court has reviewed the motion, the plea agreement, the Court's previous orders, all other relevant filings, and is fully informed.

**BACKGROUND**

Mr. Rios-Contreras was indicted on five counts including counts for distribution of cocaine, possession of cocaine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 9. On January 18, 2011, Mr. Rios-Contreras pleaded guilty to superseding information

that charged him with one count of possession of methamphetamine with intent to distribute and one count of possession of a firearm in furtherance of a drug trafficking crime. ECF Nos. 33, 36.

As part of his plea agreement, Mr. Rios-Contreras agreed that a black bag containing methamphetamine and a Beretta 9mm semiautomatic pistol were discovered at Mr. Rios-Contreras' house after a search was made pursuant to a search warrant. ECF No. 36 at 6. Additionally, Mr. Rios-Contreras agreed that:

> Following execution of the search warrant at CRISTOBAL RIOS-CONTRERAS' residence, CRISTOBAL RIOS-CONTRERAS was interviewed by law enforcement officers. During the course of his interview, CRISTOBAL RIOS-CONTRERAS admitted that the methamphetamine and cocaine found at his residence were his drugs. CRISTOBAL RIOS-CONTRERAS further admitted that the quantity of methamphetamine in the black bag (totaling 806.3 grams of actual methamphetamine) had been delivered earlier in the day and that due to the large quantity of drugs involved in that transaction, he hid his pistol (the Beretta 9mm semiautomatic) in the couch to make it easily available to protect himself and the drugs in case of trouble.

ECF No. 36 at 7.

Also as part of his plea agreement, Mr. Rios-Contreras waived his appeal rights, and the right to attack his conviction or sentence by a motion under 28 U.S.C. § 2255, except for a § 2255 motion based off of ineffective assistance of counsel that is supported by information not known to the defendant at the time of the plea. ECF No. 36 at 14. Mr. Rios-Contreras was sentenced to 84 months in prison on the possession with intent to distribute methamphetamine charge and 60

months on the firearm charge. ECF No. 53. The sentences were imposed consecutively. ECF No. 53.

**DISCUSSION**

Mr. Rios-Contreras has brought this § 2255 motion to challenge his conviction on the firearm charge. Mr. Rios-Contreras argues that the admissions in his plea agreement are insufficient as a matter of law to support a conviction for possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).

As an initial matter, Mr. Rios-Contreras' plea agreement contains a provision waiving his right to bring a motion under § 2255 challenging his conviction. Nothing precludes a defendant from waiving the statutory right to file a § 2255 petition challenging the length of his sentence. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2008). Such a waiver is enforceable if "'(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005)); *see also Abney v. United States*, 431 U.S. 651, 656 (1997) ("[T]here is no constitutional right to appeal.").

Waiver of appeal rights does not "categorically foreclose" all § 2255 proceedings, "such as a claim of ineffective assistance of counsel or involuntariness of waiver." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). Generally, however, an express waiver of a statutory right, including § 2255 petitions, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *Abarca*, 985 F.2d at 1014.

Mr. Rios-Contreras has framed this challenge as a challenge based on ineffective assistance of counsel. Mr. Rios-Contreras' waiver provision in his plea agreement preserves his right to bring a challenge based on ineffective assistance of counsel but only in those cases where the information supporting the challenge was not known to Mr. Rios-Contreras at the time that he pleaded guilty or could not have been known by him by the time that his sentence was imposed. ECF No. 36 at 14. The substance of Mr. Rios-Contreras' challenge is that the admission in his plea agreement is insufficient as a matter of law to support his conviction. Both the admission and the elements of the firearm charge are contained within the plea agreement. Accordingly, Mr. Rios-Contreras was or should have been aware of any alleged deficiency at the time of his plea and sentencing hearings. Therefore, Mr. Rios-Contreras' challenge falls within the language of the waiver,

and he is barred from bringing a petition on the grounds of ineffective assistance of counsel.

Even if Mr. Rios-Contreras had not waived his right to bring the present motion, Mr. Rios-Contreras' motion would still fail. Mr. Rios-Contreras does not challenge the substance of his admission in the plea agreement. Accordingly, it is agreed for the purposes of this motion that Mr. Rios-Contreras, due to the quantity of drugs in his possession, placed a firearm in a nearby couch so that it would be available to him to protect himself and his drugs. ECF No. 36 at 7. Mr. Rios-Contreras argues that this factual basis is insufficient as a matter of law to support a conviction under § 924(c).

Mr. Rios-Contreras relies on *Bailey v. United States*, 516 U.S. 137, 149 (1995). At the time of the decision in *Bailey*, § 924(c) imposed "a 5-year minimum term of imprisonment upon a person who 'during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm.'" *Bailey*, 516 U.S. at 138 (alteration in original) (quoting 18 U.S.C. § 924(c)(1)). The Supreme Court determined that merely having a weapon nearby for the purpose of providing a sense of security or secreting a weapon nearby for protection in an imminent conflict is not "use" for purposes of § 924(c). *Id.* at 149-50. The Supreme Court did not reach the issue of what "carries" meant for purposes of the

statute because that issue had not been addressed at the Court of Appeals. *Id.* at 151.

If Mr. Rios-Contreras had been convicted of "using" a firearm in this case, then Mr. Rios-Contreras' reliance on *Bailey* would be well placed. However, Mr. Rios-Contreras was not convicted under the "use" prong of § 924(c).

Three years after the Supreme Court's opinion in *Bailey*, in 1998, Congress amended § 924(c) to criminalize, in addition to using or carrying a firearm during or in relation to the commission of a drug trafficking crime, the possession of a firearm in furtherance of a drug trafficking crime. Act of Nov. 13, 1998, Pub. L. No. 105-386, § 1. The superseding information to which Mr. Rios-Contreras pleaded guilty charged him under this possession prong and his plea agreement reflects a plea based on possession. ECF Nos. 33 at 2, 36.

To satisfy the possession prong of § 924(c), it is sufficient that a firearm be easily accessible and have some nexus to the drug trafficking offense. *See United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004) (holding that sufficient evidence supported a conviction under § 924(c) because "[n]o less than five high caliber firearms, plus ammunition, were strategically located within easy reach in a room containing a substantial quantity of drugs and drug trafficking paraphernalia"). Here, Mr. Rios-Contreras admitted in his plea agreement that the gun was placed within easy reach for the purpose of protecting drugs. ECF No. 36

at 7. As a result, Mr. Rios-Contreras' conviction was supported by substantial evidence, and he can show no deficiency in the performance of his legal counsel. Therefore, this motion must be denied.

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 474.

A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims and the second directed at the court's procedural holding, are satisfied. Id. The Court may address either the constitutional or procedural issue first. Id. Based on the Court's preceding analysis, the Court concludes: 1) that the Movant has failed to make a substantial showing of a denial of a constitutional right; and 2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural

ruling. Thus a certificate of appealability should not issue. Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's motion to vacate, set aside, or correct sentence, **ECF No. 59**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and to Defendant, and inform the Ninth Circuit Court of Appeals that if Mr. Rios-Contreras files a Notice of Appeal that a certificate of appealability is **DENIED.**

**DATED** this 15th day of April 2013.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge