# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>CRISTOBAL RIOS-CONTRERAS,<br><br>Defendant. | NO: 1:10-CR-2094-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion to Vacate Judgment under 28 U.S.C. § 2255, ECF No. 76. The Court has reviewed the motion and the record and is fully informed.

Defendant previously filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 59, and this Court denied that motion. *See* ECF No. 61. Defendant filed his present, successive petition on June 27, 2016. ECF No. 76.

Pursuant to 28 U.S.C. § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statutory reference to 28 U.S.C. § 2244 refers to the requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Defendant filed his pro se motion with this Court without having moved in the Ninth Circuit Court of Appeals. Therefore, this Court is without jurisdiction to consider his arguments.

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253. The Court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The U.S. Supreme Court held that

> when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 2

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Defendant has failed to provide reason to believe that any jurist of reason would find that his petition is not "second or successive" and that he has failed to move in the Circuit Court. Therefore, the Court finds no basis to issue a certificate of appealability.

In addition, the Court notes that Defendant bases this subsequent § 2255 motion on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015). Even if the Court were to have jurisdiction over Defendant's current § 2255 motion, which the Court finds that it does not, the Court finds that *Johnson* is not applicable in Defendant's situation. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *Id.* at 2557. However, Mr. Rios-Contreras was not subject to the Armed Career Criminal Act and the residual clause constituted no part of this Court's sentencing decisions. Therefore, nothing about *Johnson* is applicable to this case and its holding cannot be a basis for this Court to resentence Defendant.

/ / /

/ / /

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 3

1     Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to

2 Vacate Judgment under 28 U.S.C. § 2255, **ECF No. 76**, is **DENIED**.

3     The District Court Executive is hereby directed to enter this Order and

4 provide copies to counsel and Defendant.

5     **DATED** this 28th day of 2016.

6                                        *s/ Rosanna Malouf Peterson*

7                                         ROSANNA MALOUF PETERSON
                                            United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 4